UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **RICHARD WILLIAM NETTLE** | **86-11899** |
| **SHIRLEY SHARP NETTLE** | SECTION A |
| DEBTORS | CHAPTER 13 |
| **RICHARD WILLIAM NETTLE** | ADVERSARY NO. |
| **SHIRLEY SHARP NETTLE** | **13-1044** |
| PLAINTIFFS | |
| VERSUS | |
| **JOYCE NETTLE, ET AL** | |
| DEFENDANTS | |

## REASONS FOR DECISION

Richard and Shirley Nettle ("Debtors") filed the instant adversary proceeding against Joyce Nettle, through her succession, and the co-executors of her succession, Kenneth Germain and Lisa Connelly, (collectively "Defendants") seeking a determination that they are the owners of property on Lawes Drive ("Lawes"). In their Answer, Defendants demanded a jury trial.

A proceeding to determine whether property belongs to a bankruptcy estate is a core proceeding over which this Court has jurisdiction.[1] Defendants have asserted a right to a trial by jury. This Court is not authorized to conduct jury trials. Debtors dispute that Defendants are entitled to a trial by jury.

---

[1] 11 U.S.C. § 157; *In re Point Blank Solutions, Inc.*, 449 B.R. 446, 449 (Bankr.D.Del. 2011).

**I. Undisputed Facts**

Debtors began renting a house on Lawes in 1972. They wanted to buy it, but could not qualify for financing. Joyce Nettle, Richard Nettle's mother, purchased Lawes on June 24, 1976, for $27,000.[2] She made a down payment of $9,000 and financed the remaining $18,000 with South Bank Savings & Loan ("South Bank").[3] The mortgage was refinanced several times.

On May 27, 1986, Debtors filed a petition for relief under chapter 7 of the U.S. Bankruptcy Code. Debtor did not schedule Lawes as an asset. Joyce Nettle filed sixty-two proofs of claim for amounts she alleged were owed to her. Debtors received a chapter 7 discharge on September 5, 1986.

Joyce Nettle passed away on May 20, 2011, and her succession was opened soon thereafter. Her will was probated naming five (5) grandchildren as legatees. Debtors filed an action in the 22nd Judicial District Court for the Parish of St. Tammany claiming ownership of Lawes based on a Counter Letter dated March 20, 1979, purportedly executed by Joyce Nettle stating that her only interest in Lawes was her right to recover her $9,000 down payment, which the Counter Lettter states was a loan to Debtors.

On December 19, 2012, Debtors' bankruptcy case was reopened upon motion by Debtors.[4] Debtors amended their schedules to include Lawes as an asset.[5] On March 18, 2013, Debtors filed

---

[2] Pleading 9.

[3] *Id.*

[4] Pleading 13.

[5] Pleading 38.

an Omnibus Objection to the proofs of claim of Joyce Nettles.[6] On June 11, 2013, the Court granted Debtors' Motion to Convert the 1986 Case to chapter 13.[7] Defendants dispute Debtors' claim to ownership to Lawes.

**II. Law and Analysis**

If Lawes is estate property that should have been included in the original schedules, it is an estate asset which will contribute to the distribution to creditors. The determination of whether property belongs to the estate is a core proceeding over which this Court has jurisdiction. However, 28 U.S.C. § 1334(c)(1) permits this Court to abstain from hearing this proceeding:

> Except with respect to a case under chapter 15 of tile 11, nothing in the section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The ownership of Lawes is purely an issue of state law on which this Court will defer to a state court. Weighing in favor of abstention is Defendants' demand for a jury trial[8] to which they are entitled in state court.[9] Therefore, this Court will abstain from hearing this Complaint for Declaratory Judgment as to Debtor's Ownership Interest in Lawes.

---

[6] Pleading 25.

[7] Pleading 68.

[8] *Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993).

[9] Jury trial is available in a petitory action if the claim exceeds $50,000. Frank L. Maraist, 1A La. Civ. L. Treatise, Civil Procedure - Special Proceed. § 9.3, n. 1 (2013 ed.); La. Code of Civ. Proc. Art. 1732. Debtor scheduled Lawes as having a value of $50,000 in 1986. However, at the December 11, 2012, hearing on the Motion to Reopen, Debtor's counsel represented that a current appraisal valued Lawes at $265,000.

Because this Court will abstain, it will not address the issue of whether jury trial on the issue of title to Lawes was waived by Joyce Nettle as a result of filing proofs of claim.

New Orleans, Louisiana, September 30, 2013.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge