UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **RICHARD WILLIAM NETTLE** | **86-11899** |
| **SHIRLEY SHARP NETTLE** | SECTION A |
| DEBTORS | CHAPTER 13 |
| **RICHARD WILLIAM NETTLE** | ADVERSARY NO. |
| **SHIRLEY SHARP NETTLE** | **13-1044** |
| PLAINTIFFS | |
| VERSUS | |
| **JOYCE NETTLE, ET AL** | |
| DEFENDANTS | |

## REASONS FOR DECISION

This matter came before the Court on the Motion for Reconsideration[1] of this Court's Order dated September 30, 2013,[2] abstaining from hearing this case. Motions for Reconsideration filed no later than fourteen (14) days after entry of judgment are treated as Motions for New Trial or to Alter or Amend a Judgment pursuant to Fed.R.Civ.Proc. 59, which is made applicable to this proceeding by Fed.R.Bankr.P. 9023.

Richard and Shirley Nettle ("Debtors") filed the instant adversary proceeding against Joyce Nettle, through her succession, and the co-executors of her succession, Kenneth Germain and Lisa Connelly, (collectively "Defendants") seeking a determination that they are the owners of property on Lawes Drive ("Lawes"). In their Answer, Defendants demanded a jury trial.

---

[1] Pleading 32.

[2] Pleading 29.

Ownership of property is a question of state law. While the determination may touch on positions taken by the parties during the 1986 bankruptcy, those positions are evidentiary in nature and readily susceptible of evaluation by the state court, where there is an action pending.

Debtors waited twenty-seven (27) years after filing bankruptcy to raise the issue regarding ownership of Lawes, the argument that going to state court will delay the process is disingenuous. In addition, the Defendants requested a jury trial, which cannot be conducted by this Court but may proceed in state court.

In order for a motion to alter or amend judgment to prevail, it must:

[C]learly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.[3]

Debtors' Motion for Reconsideration raises no facts, laws or issues that were not previously considered by this Court. "[A] motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court."[4]

As previously ruled, the ownership of Lawes is purely an issue of state law on which this Court will defer to state court. Weighing in favor of abstention is Defendants' demand for a jury trial[5] to which they are entitled in state court.[6] Therefore, the Motion for Reconsideration is denied,

---

[3] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

[4] *Villanueva-Mendez v. Nieves Vazquez*, 360 F.Supp.2d 320, 322 (D.Puerto Rico 2005).

[5] *Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993).

[6] Jury trial is available in a petitory action if the claim exceeds $50,000. Frank L. Maraist, 1A La. Civ. L. Treatise, Civil Procedure - Special Proceed. § 9.3, n. 1 (2013 ed.); La. Code of Civ. Proc. Art. 1732. Debtor scheduled Lawes as having a value of $50,000 in 1986. However, at the December 11, 2012, hearing on the Motion to Reopen, Debtor's counsel represented that a current appraisal valued Lawes at $265,000.

and this Court will abstain from hearing this Complaint for Declaratory Judgment as to Debtor's Ownership Interest in Lawes.

    New Orleans, Louisiana, November 4, 2013.

                                                Hon. Elizabeth W. Magner
                                                U.S. Bankruptcy Judge